IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD HUGHES,

    Plaintiff,                   No. CIV S-11-0530 DAD P

    vs.

CALIFORNIA DEP'T OF CORRECTIONS
AND REHABILITATION, et al.,

    Defendants.              ORDER

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's complaint, request for leave to proceed in forma pauperis, and several motions. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

        On March 10, 2011, the court ordered plaintiff to submit a new application for requesting leave to proceed in forma pauperis because his initial application was incomplete. Subsequently, plaintiff filed two applications and a motion styled, "Motion For Acceptance Of Application to Proceed In Forma Pauperis." See Doc. Nos. 11-13. The in forma pauperis application filed on March 25, 2011 (Doc. No. 13), makes the showing required by 28 U.S.C.

1

§ 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis. The motion for acceptance of the in forma pauperis application (Doc. No. 12) will be denied as unnecessary.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $13.00 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

/////

      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**PLAINTIFF'S COMPLAINT** (Doc. No. 1)

      In his complaint plaintiff alleges as follows. Plaintiff is incarcerated at Deuel Vocational Institution (DVI) where the incidents at issue occurred. Since 2005, plaintiff has had "degenerative back problems" and suffers from "some form of neuropathy in [his] right arm and lower back" which causes "extreme plain," periodic limited mobility, and incontinence. (Doc. No. 1 at 4.)

      On June 22, 2010, plaintiff submitted a 602-inmate appeals form concerning the medical care he was receiving to defendant Rackley, the Chief Deputy Warden. (Id. at 4-5.) Not until February 2, 2011, was plaintiff's appeal denied at the Director's Level of review with the time limitations for responding to his appeal being violated by prison officials. (Id. at 5.)

      Following this appeal, plaintiff submitted an ADA complaint. (Id.) For a 30-day interim period, he was provided a wheelchair and a bottom bunk chrono by prison officials . (Id.) Defendant Sergeant Daniels attempted to interview plaintiff at his cell concerning his medical issues. (Id. at 6.) However, plaintiff "immediatly [sic] invoked his Sixth Amendment right to Doctor/Patient Privilige [sic]." (Id.) Plaintiff's ADA claim was subsequently denied by

defendant Rackley due to plaintiff's refusal to talk to defendant Daniels. (Id.)

In the prayer for relief of his complaint, plaintiff seeks an order compelling defendants "to provide medical relief[,]" a preliminary injunction, reasonable attorney fees, and a declaration that "failure to follow time constraints violates due process[,]" that defendants' actions constitutes cruel and unusual punishment and violate his Sixth Amendment right to doctor/patient privilege. (Id. at 4.) As for the medical care he seeks, plaintiff vaguely asserts that he has not received "adequate medical care" and that this has denied him "due process and constitutes cruel and unusual punishment." (Id. at 5.) Plaintiff also indicates that he was taking a neuropathy medication for seven years but that it was discontinued by prison officials. (Id.) It is unclear, however, if this allegation provides a separate basis for plaintiff's medical care claim.

## ANALYSIS

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. In his amended complaint, plaintiff must clarify whether he is claiming a violation of the Americans with Disabilities Act (ADA) and/or the Eighth Amendment. Plaintiff must also set forth factual allegations addressing each element of the claims he is attempting to raise in this action.

I. **Requirements for Amended Complaint**

Plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Any amended complaint plaintiff elects to file must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's

4

rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. **Sixth Amendment Claim**

Plaintiff may be attempting to claim that the named defendants violated his Sixth Amendment right to doctor/patient privilege.  There are several defects with respect to such a claim as currently alleged.  First, the Sixth Amendment applies to a criminal prosecution which is not applicable here.  Second, the doctor-patient privilege does not confer a substantive constitutional right on plaintiff.  See Low v. Stanton, No. CIV S-05-2211 MCE DAD P, 2009 WL 467584 at * 16 (E.D. Cal., Feb. 25. 2009) ("[T]o the extent plaintiff asserts that he has a right to privacy based on a doctor-patient privilege, the court notes that the privilege is an evidentiary rule which does not confer substantive constitutional rights on plaintiff."), adopted by, 2009 WL 21440 (E.D. Cal., March 30, 2009); O'Neal v. Bailey, No. EDCV 11-695-DDP (MAN), 2011 WL 2173825 at *4 n.5 (C.D. Cal., June 2, 2011) ("[T]he Ninth Circuit has not recognized a constitutional right of privacy in prisoners' medical information.").  Therefore, if such a claim is included in an amended complaint plaintiff elects to file, it will likely be dismissed.

### III. The Civil Rights Act

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) a person was acting under color of state law at the time the complained of act was committed, and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Thus, plaintiff may proceed with a civil rights action claiming violation of the ADA and/or the U.S. Constitution.

### IV. ADA Claim

The Americans with Disabilities Act provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To state a cognizable claim under the ADA a plaintiff must allege and ultimately prove that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); see also Marsh v. Vegianelli, No. 1:09-cv-01243-GSA-PC, 2011 WL 1584444 (E.D. Cal. April 26, 2011) ("[I]n order to state a claim under the ADA . . ., Plaintiff must have been 'improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap.'") (citing Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997)). Therefore, if plaintiff wishes to pursue an ADA claim, in any amended complaint he elects to file he must

allege facts addressing each of these elements for an ADA claim.

In addition, plaintiff is advised that the proper defendant in an ADA action is a public entity, such as the California Department of Corrections and Rehabilitation. Individual defendants who evaluated or processed his appeals or are policy-makers, are not a public entity and are not a proper party under the ADA. Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

V.  **Eighth Amendment Claim**

It is the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, including mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. See also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an

7

individual's daily activities." Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  See also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).

## PLAINTIFF'S OTHER MOTIONS

I. **Motion for the Appointment of Counsel**

On March 10, 2011, plaintiff filed his second motion for the appointment of counsel (Doc. No. 10) and on April 18, 2011, plaintiff filed a motion for reconsideration (Doc. No. 16) which is construed as a renewal of plaintiff's earlier motion for the appointment of counsel (Doc. No. 2) which was denied by the court on March 10, 2011 (Doc. No. 8).  For the reasons set forth in the court's March 10, 2011 order, plaintiff's motions for appointment of counsel (Docs. No. 10 & 16) will be denied.[1]

---

[1] The court notes that the test for exceptional circumstances justifying the appointment of counsel in this civil action requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity

8

II. **Motion for Copying Services**

Plaintiff contends that he has preferred legal user status which provides him with access to the library. (Doc. No. 5 at 2.) However, plaintiff asserts that he was notified on February 15, 2011 that his library access and photocopying services would be delayed up to 30-days. (Id.) Plaintiff contends that this limited access and photocopying service interferes with his ability to submit documents in connection with the multiple cases he is pursuing. (Id.) In this case, however, the court has not ordered plaintiff to provide the court with copies of his records. Therefore, plaintiff's motion for an order requiring that he be provided copying services (Doc. No. 5) will be denied.

III. **Motions for Injunction Relief**

In his motion for a preliminary injunction, plaintiff makes a vague request for an injunction "to provide medical care under ADA American w/ Disability Act." (Doc. No. 3 at 1.) From documents filed in support of this motion, it appears that plaintiff may be seeking reinstatement of a pain medication that was replaced by another pain medication which plaintiff contends is less effective and potentially harmful to his liver because it contains a high dosage of Tylenol. (See Doc. No. 14 at 2 and Doc. No. 15 at 5.) In his motion styled, "Motion For Emergency Relief," plaintiff requests an order that he be retained at his current institution of incarceration pending a decision on his motion for preliminary injunction, accommodations, "effective pain management[,]" a consultation and treatment by an "outside" neurologist, and no further reprisals. (Doc. No. 17 at 6.) As for the specific accommodations he seeks, plaintiff attaches inmate appeal forms indicating that plaintiff sought surgery on his back rather than pain medication. (Id. at 17.) The surgery was denied because it was deemed an elective surgery and

---

of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances to exist.

9

not medically necessary, and because plaintiff was provided a wheelchair and cane for mobility. (Id. at 21.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. See University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who is able to establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, ___ U.S. ___, 129 S. Ct. 365, 374 (2008); Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009).

Plaintiff may not seek preliminary injunctive relief until the court finds that his complaint presents cognizable claims. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court."). As explained above, plaintiff's complaint will be dismissed with leave granted to file an amended complaint. Thus, plaintiff has not demonstrated that he is likely to prevail on the merits of his claims. Moreover, the court has not authorized service of the complaint upon any of the named defendants. Accordingly, plaintiff's motions for a preliminary injunction (Docs. No. 3 and 17) must be denied as premature.

IV.  **Motion for Leave to File Supplemental Complaint**

Plaintiff seeks to file a supplemental complaint "based upon all the circumstances after original filing of initial complaint." (Doc. No. 18 at 2.) That motion (Doc. No. 18) will be denied as moot since plaintiff has been granted leave to file an amended complaint. Plaintiff is cautioned, however, that additional or subsequent incidents that do not share the same underlying factual basis or do not involve the same defendants will not be entertained in this action but must

be pursued separately.  See Walker v. Dyer, No. 1:09cv1667 OWW DLB, 2009 WL 3817581 (E.D. Cal. Nov. 13, 2009) (holding that Rule 18(a) of the Federal Rules of Civil Procedure does not allow plaintiff to proceed on a myriad of unrelated claims).

V.  **Motion to Obtain Medical Records**

Plaintiff contends that he has not been able to obtain access to his medical records.  The documents plaintiff attaches to this motion indicate that his request for records were tied to his ADA request for accommodation which was dismissed when plaintiff refused to be interviewed.  (Doc. No. 20 at 2 & 9.)  It does not appear that plaintiff has submitted a valid request for his medical records to prison officials.  In addition, discovery is premature at this stage of the litigation since plaintiff's complaint has been dismissed and no defendants have been served with process.  Therefore, plaintiff's motion to obtain his medical records (Doc. No. 20) will be denied.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's March 25, 2011 application to proceed in forma pauperis (Doc. No. 13) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $13.00.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's March 23, 2011 motion for acceptance of the in forma pauperis application (Doc. No. 12) is denied as unnecessary.

4.  Plaintiff's complaint is dismissed.

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court and answer each of the questions in the form complaint; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

6. Plaintiff's February 25, 2011 motion for a preliminary injunction (Doc. No. 3) is denied.

7. Plaintiff's February 25, 2011 motion for copying services (Doc. No. 5) is denied.

8. Plaintiff's motions for appointment of counsel, filed on March 10, 2011 and April 18, 2011, (Docs. No. 10 & 16) are denied.

9. Plaintiff's April 18, 2011 motion for emergency relief (Doc. No. 17) is denied.

10. Plaintiff's April 18, 2011 motion to file a supplemental complaint (Doc. No. 18) is denied as moot.

11. Plaintiff's April 31, 2011 motion for medical records (Doc. No. 20) is denied.

12. The court will not entertain any further motions by plaintiff until the court has had an opportunity to screen any amended complaint plaintiff elects to file in response to this order and has determined that it states cognizable claims.

13. The Clerk of the Court is directed to provide plaintiff the court's form complaint for a § 1983 action.

DATED: June 22, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hugh0530.14