IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD HUGHES,

    Plaintiff,                                No. 2:11-cv-00530 DAD P

    vs.

CALIFORNIA DEP'T OF CORRECTIONS      ORDER
AND REHABILITATION, et al.,

    Defendant.
_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (Doc. No. 9.) Before the court are plaintiff's motion to modify prior court orders and his motion for a temporary restraining order and/or preliminary injunction.

**I. Motion to Modify Prior Court Orders**

        Plaintiff requests modification of the orders filed on October 16, 2012 and November 20, 2012 (Docs. No. 24 & 26.) Therein, the court ordered plaintiff to submit copies of his amended complaint, filed on July 11, 2011, as well as other documents to effect service on defendants. In his motion for modification, plaintiff contends that he is unable to comply with the court's orders because he is in pain, has difficulty walking, and has been unable to obtain assistance from the head librarian at his institution of confinement. In order to move this already

1

1  dated action forward, the court will grant plaintiff's motion and direct the Clerk of the Court to
2  provide the necessary copies of the amended complaint when the court issues its order directing
3  the U.S. Marshall to serve the defendants.  However, plaintiff is cautioned that he must prosecute
4  this action diligently and that he must comply with court orders.  Failure to do so in the future
5  will result in the dismissal of this action.  Moreover, plaintiff is forewarned that the court will not
6  continue to provide him photocopies of documents.

**II. Motion for Injunctive Relief**

In his motion for a temporary restraining order[1] and/or preliminary injunction, plaintiff seeks an order from this court requiring the Department of Corrections and Rehabilitation (CDCR) to arrange his examination by an orthopedic specialist.  (Doc. No. 30.) Plaintiff contends that since his transfer to Kern Valley State Prison on October 31, 2012, he has received inadequate medical care, that his new primary care physician interviewed him for only five-minutes, and that his "pain management was stopped."  (Id. at 3.)

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); see also Center for Food Safety v. Vilsack, 636

---

[1] "A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Whitman v. Hawaiian Tug and Barge Corp./Young Bros., Ltd. Salaried Pension Plan, 27 F. Supp.2d 1225, 1228 (D. Hawaii 1998).  "In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice." Wilson v. Tilton, No. 2:07-cv-1192 GEB DAD (PC), 2012 WL 43615, at *1 (E.D. Cal. Jan. 9, 2012).  The factors considered for issuing a temporary restraining order are the same as the standards for issuing a preliminary injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008).

F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).[2]

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Here, the court has not obtained personal jurisdiction over any of the defendants since they have not yet been served with process in this action.  In addition, the court notes that the defendants in this action are employees at Deuel Vocational Institution and that plaintiff seeks injunctive relief against the CDCR or unnamed persons at Kern Valley State Prison where he is currently incarcerated.  Thus, his motion for injunctive relief is not only premature but directed to persons or an entity not parties to this suit.  Accordingly, plaintiff's motion for injunctive relief will be denied.

**III.  USM-285 Form for Defendant Fong**

Upon review of the USM-285 forms submitted by plaintiff for service on the

---

[2] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011).  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

defendants, it appears that plaintiff has not submitted a USM-285 form for defendant Lawrence Fong. Instead, plaintiff has submitted a USM-285 form for a Lawrence Fox. However, Mr. Fox is not named as a defendant in plaintiff's amended complaint and there are no allegations in plaintiff's amended complaint concerning Mr. Fox. Plaintiff will be provided a final opportunity to submit a USM-285 form for defendant Lawrence Fong. Plaintiff's failure to do so will result in the dismissal of defendant Fong pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IV.  Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 14, 2012 motion to modify the court's prior orders (Doc. No. 29) is granted;

2. Plaintiff's December 14, 2012 motion for injunctive relief (Doc. No. 30) is denied;

3. Within fourteen days from the service of this order, plaintiff shall file the attached Notice of Submission of Documents and a USM-285 form for defendant Lawrence Fong. Plaintiff's failure to submit these documents within fourteen days will result in the dismissal of defendant Fong; and

4. The Clerk of the Court is directed to provide five copies of the endorsed amended complaint filed July 11, 2011, when the court issues a subsequent order directing the U.S. Marshall to serve process on the defendants. In addition, the Clerk of the Court is directed to provide plaintiff with one USM-285 form with this order.

DATED: June 7, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hugh530.modify

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD HUGHES,

      Plaintiff,　　　　　　　No. 2:11-cv-00530 DAD P

   vs.

CALIFORNIA DEP'T OF CORRECTIONS　　NOTICE OF SUBMISSION
AND REHABILITATION, et al.,
　　　　　　　　　　　　　　　　　　　OF DOCUMENTS
      Defendants.
_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ [#] completed USM-285 forms.

DATED: _____.

                                    _____
                                    Plaintiff