1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BERNARD C. HUGHES,                    No.  2:11-cv-00530 GEB DAD P

12              Plaintiff,

13        v.                               ORDER

14   STATE OF CALIFORNIA DEP'T OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16              Defendants.

17

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking

19   relief pursuant to 42 U.S.C. § 1983.

20          On July 3, 2013, the court ordered the United States Marshal to serve process upon the

21   defendants in this case.  The Marshal was directed to attempt to secure a waiver of service before

22   attempting personal service on defendants.  If a waiver of service was not returned within sixty

23   days, the Marshal was directed to effect personal service on the defendant in accordance with the

24   provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without

25   prepayment of costs, and to file the return of service with evidence of any attempt to secure a

26   waiver of service and with evidence of all costs subsequently incurred in effecting personal

27   service.

28   /////

1

On October 23, 2013, the United States Marshal filed a return of service with a USM-285 form showing total charges of $241.28 for effecting personal service on defendant Dr. Malet. The form shows that a waiver of service form was mailed to defendant Dr. Malet on July 19, 2013, and that no response thereto was received.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

> (A)  the expenses later incurred in making service; and

> (B)   the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

The court finds that defendant Dr. Malet was given the opportunity required by Rule 4(d) to waive service and failed to comply with the request.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within fourteen days from the date of this order defendant Dr. Malet shall pay to the United States Marshal the sum of $241.28 unless within that time defendant files a written statement showing good cause for his failure to waive service.  The court does not intend to extend this fourteen day period.

2.  The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

Dated:  December 3, 2013

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hugh530.taxcost